UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Cherry, | Civ. No. 25-2146 (PAM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Guarda Security and Nicollet Mall, | |
| Defendants. | |

Plaintiff Aaron Cherry did not pay the filing fee for this matter, instead applying for in forma pauperis ("IFP") status. (See Docket No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, the Court concludes that Cherry qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). In reviewing whether a complaint states a claim on which relief may be granted, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in a complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of a complaint, a court may disregard legal conclusions couched as factual allegations. See Ashcroft v.

Iqbal, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The Court has reviewed the Complaint and, despite its best efforts, does not understand what Cherry alleges or why he claims that Defendants have violated the law. Insofar as Cherry attempts to bring a claim for relief under 42 U.S.C. § 1983 for "cruel and unusual punishment" or "unequal rights" (Compl. (Docket No. 1) at 3), neither Defendant is a state actor, and therefore neither may be sued under § 1983 for alleged constitutional violations.  See Doe v. N. Homes, Inc., 11 F.4th 633, 637 (8th Cir. 2021).  Even if Defendants were amenable to suit under § 1983, the pleading does not support a reasonable inference that Cherry's constitutional rights have been violated.

Insofar as Cherry seeks relief under state law, the Complaint similarly does not establish a state-law violation.  More fundamentally, however, the Complaint does not establish the Court's original jurisdiction over any state-law claims, as Cherry does not allege that more than $75,000 is at stake between the parties.  See 28 U.S.C. § 1332(a). And because Cherry has not pleaded a claim for relief under federal law, the Court would not extend supplemental jurisdiction over any state-law claims even if such a claim had been adequately pleaded.  See Hervey v. Cnty. of Koochiching, 527 F.3d 711, 726–27 (8th Cir. 2008).

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Aaron Cherry's application to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 20, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge